[No. 14938-2-III.    Division Three.    November 18, 1997.]
MATTHEW PHILLIP ROWE, *Respondent*, v. THE
DEPARTMENT OF LICENSING, *Appellant.*

*Christine O. Gregoire, Attorney General,* and *James T. Schmid, Deputy,* for appellant.

*Timothy H. Esser* of *Nuxoll, Libey, Ensley, Esser & Campbell,* for respondent.

KURTZ, J. — After his one-car accident, Matthew Rowe was convicted of being a minor in possession of alcohol. His license was suspended for driving while having alcohol in his system. He appealed the suspension of his license to the superior court, which decided the administrative suspension of his license after the criminal conviction was unconstitutional because it violated the double jeopardy clause of the United States Constitution. We reverse because the suspension of a minor's driver's license for driving while having alcohol in his system is not solely penal in nature, but also reasonably serves the remedial purposes of protecting the public from driving by under-aged drinkers.

## FACTS

On August 25, 1994, 18-year-old Matthew Rowe was involved in a one-vehicle traffic accident after he failed to negotiate a right-hand turn on a city street in Pullman, Washington. The investigating police officer detected an odor of alcohol on Mr. Rowe's breath and asked him to do a preliminary breath test. Mr. Rowe agreed to the test which read .047 breath- or blood-alcohol concentration (BAC). Mr. Rowe accompanied the officer to the police station where two breath tests showed .02 BAC. The officer cited Mr. Rowe for negligent driving. Later, Mr. Rowe was additionally charged with being a minor in possession of alcohol (MIP) for the same incident. Mr. Rowe pleaded guilty to the MIP charge and the negligent driving charge was dismissed.

After his arrest, the Department of Licensing (DOL) issued an order suspending Mr. Rowe's driver's license for 90 days pursuant to RCW 46.20.309.[1] Mr. Rowe contested

---

[1]Under former RCW 46.20.309, drivers under the age of 21 with a blood alcohol level of .02 or above were required to have their driver's license

the suspension but it was upheld by DOL. Mr. Rowe appealed to the superior court and the parties brought cross-motions for summary judgment. The court commissioner dismissed the suspension on the grounds of double jeopardy. DOL moved for revision and on May 11, 1995, the court upheld the commissioner's decision and denied the revision. This appeal follows.

## ANALYSIS

The double jeopardy clause guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend. V. The double jeopardy clause applies to the states through the due process clause of the Fourteenth Amendment, and is coextensive with art. I, § 9 of the Washington State Constitution. *State v. Gocken*, 127 Wn.2d 95, 100, 896 P.2d 1267 (1995) (citing *Benton v. Maryland*, 395 U.S. 784, 794, 89 S. Ct. 2056, 23 L. Ed. 2d 707 (1969)). The double jeopardy clause encompasses three separate constitutional protections: " 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.' " *Gocken*, 127 Wn.2d at 100 (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969)).

The trial court found the administrative suspension of Mr. Rowe's driver's license after his criminal conviction for MIP was successive punishment for the same offense and violated the double jeopardy clause. The State contends case law establishes that license suspension is remedial and not punitive. For that reason, double jeopardy does not apply. Mr. Rowe disagrees, arguing that the suspension of a minor's driver's license under RCW 46.20.309 is punishment under the double jeopardy clause because its primary purpose is not remedial but retributive and deterrent.

---

suspended for 90 days. RCW 46.20.309 has been recodified as RCW 46.61.503 and amended to make a violation of this section a misdemeanor.

In the recent case of *State v. McClendon*, 131 Wn.2d 853, 935 P.2d 1334 (1997), *cert. denied*, 118 S. Ct. 624 (1997), the Washington Supreme Court held that it was not unconstitutional double jeopardy for the State to prosecute the defendants for violation of RCW 46.61.502, driving a vehicle while under the influence of alcohol, when DOL has previously issued each defendant a probationary license. The court found the issuance of a probationary license is punishment only if it can be characterized as serving *solely* retributive or deterrent purposes. If their issuance may fairly be characterized as remedial and bears a rational relation to the government's remedial purpose, then the court held it is not punishment for double jeopardy purposes.

Likewise, in *State v. Williams*, 85 Wn. App. 271, 277, 932 P.2d 665 (1997) (citing *State v. Scheffel*, 82 Wn.2d 872, 879, 514 P.2d 1052 (1973)), Division II found forfeiture of a driver's license is not punishment under double jeopardy because the suspension or revocation of a driver's license is not penal in nature and is not intended as punishment, but is designed for the protection of the public in the use of the highways.

Mr. Rowe attempts to distinguish his case from *McClendon* in that the drivers in *McClendon* were clearly impaired because their blood alcohol level was .10 BAC or more, while his was only .02 BAC and he was unimpaired. Mr. Rowe contends RCW 46.20.309 was intended to deter drinking and driving by suspending the licenses of minors who drink. He cites *Johnson v. State Hearing Exam'r's Office*, 838 P.2d 158 (Wyo. 1992) as holding that the administrative suspension of minor's licenses after the minors had previously been criminally punished was a second punishment in violation of the double jeopardy clause. However, *Johnson* is distinguishable because the offense in *Johnson* was limited to being a minor in possession and did not involve the use of a vehicle. Here, Mr. Rowe was illegally using alcohol and driving.

RCW 46.20.309's remedial purpose is to protect the

public from minors who drink and drive. Although the blood alcohol level is lower for minors than the level set for adults, there is still a remedial purpose in protecting the public from drinking and driving minors who are more easily affected by alcohol, as well as the purpose of deterring minors from drinking and driving.

The judgment of the trial court is reversed. The State is awarded its costs pursuant to RAP 14.2.

SWEENEY, C.J., and BURCHARD, J. Pro Tem., concur.